UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JO ELLEN SAYLOR,<br><br>Defendant. | CR No. 13-cr-00267-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Defendant's Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1). Dkt. 150. Having reviewed the Motion, the Government's Response (Dkt. 151), and Defendant's Reply (Dkt. 153), the Court finds that the parties have adequately briefed the issues and that a hearing is not necessary. For the following reasons the Court will grant the motion.

**BACKGROUND**

On April 14, 2014, Defendant, Ms. Saylor plead guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1). Dkt. 85. On July 8, 2014 the Court imposed a sentence of thirty (30) months followed by a four-year term of supervised release. Dkt. 128 at 2-3. Ms. Saylor has served her term of imprisonment and began her term of supervised release on April 12, 2016. Dkt. 150 at 3.

Ms. Saylor now requests early termination based her behavior since her arrest, prior to and since imprisonment while on supervised release.

# DISCUSSION

The Court has the discretion to terminate a term of supervised release at any time after a defendant has served one year of that term if, after considering certain specified § 3553(a) factors, the Court concludes that early termination is warranted by the defendant's conduct and the interest of justice. 18 U.S.C. § 3583(e)(1). The factors to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Smith*, 219 Fed. Appx. 666, 667 n. 3 (9th Cir.2007). Section 3583(e) provides the "'district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release ... in order to account for new or unforeseen circumstances.'" *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir.2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997)). Changed circumstances include "exceptionally good behavior." *Lussier*, 104 F.3d at 36. A defendant has the burden of demonstrating that early termination of supervised release is warranted. See *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir.2006)). The Court has considered all of the pertinent factors as discussed below.

**1. Nature and circumstances of the offense and history and characteristics of Defendant** – Ms. Saylor does not discount the seriousness of her offense. Dkt. 150 at 7.

Despite the seriousness, Ms. Saylor argues that her rehabilitation efforts, beginning prior to sentencing, coupled with the lack of violations over the course of the of her supervised release exemplify her commitment to rehabilitation. *Id.* The Government argues that Ms. Saylor's behavior is "mere compliance" and is to be expected. Dkt. 151. However, Ms. Saylor seems to show a high level of community involvement by volunteering and dedication to pursuing an education and career in counseling. Dkt. 150 at 7; Exh. B. Two reference letters provided by professors who have each known and interacted with Ms. Saylor since fall 2017 have attested to the positive and trustworthy character that Ms. Saylor demonstrates. Dkt. 150, Exhs. C, D. Ms. Saylor maintains a 3.7 GPA. Dkt. 150, Exh. A. Ms. Saylor is not a career offender. Dkt. 150 at 7. Further, Ms. Saylor has been on the lowest level of supervision since February 15, 2017. *Id.*

**2. Deterrence** – Since her arrest, Ms. Saylor has been pursuing an education and career in drug counseling and hopes to use her past experiences to help others struggling with drug addiction. *Id.* at 3–4. Based on Ms. Saylor's dedication to school and this career path, it would appear that avoiding future drug use is also a goal of hers. *Id.*

**3. Need to provide the Defendant with educational, vocational training, medical care, or other rehabilitation** – As Ms. Saylor is required to complete approximately 300 internship hours in order to become credentialed as an Idaho Student of Addiction Studies (ISAS). *Id.* The certification will allow her to work as a "qualified substance use disorders professional trainee." *Id.* In order to pursue these goals and certification, Ms. Saylor argues that her supervised release poses a great obstacle between her and an internship in order to complete her required hours. This factor weighs in favor

of Ms. Saylor in order to provide her with educational and vocational training.

**4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct** – Ms. Saylor's offense is and was serious. However, she has exemplified her commitment to remain clean and sober, her above-average dedication to her education, career, community, and family. Contrary to the Government's opposition, the Court believes that Ms. Saylor has shown far more than mere compliance. Although compliance is indeed to be expected, if a defendant exemplifies "exceptionally good behavior" as Ms. Saylor has, the court may modify or discharge the terms of supervised release. *Lussier*, 104 F.3d at 36.

In considering all of the relevant factors, Ms. Saylor's character, history, involvement in school and community, the absence of repetitive violations, and the already low-level supervision that she has been on over the last two years, the remainder of Ms. Saylor's supervised release has been terminated.

## ORDER

**IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release (Dkt. 150) is **GRANTED**.

DATED: April 24, 2019

B. Lynn Winmill
U.S. District Court Judge